# Gooch, Administrator, *v.* Birmingham Railway, L. & P. Co.

## *Damage for Injury to Passenger.*

(Decided April 11, 1912.　58 South. 196.)

1. *Carriers; Passengers; Negligence of Conductor.*—Where a negro passenger on leaving a car after a difficulty with the conductor, shot into the car, the act of the conductor in leaving the car to preserve his own safety would tend to draw the shot away from the car rather than towards it, and was not such negligence as would support an action for the death of a passenger, caused by the firing of shots by a negro.

2. *Same; Negligence of Motorman.*—Where a negro passenger after leaving a car on account of a difficulty with the conductor commenced to shoot into it, and the motorman threw his controller lever at the negro, such act was such a violation of his duty to the passengers as would render the company liable for the death of one who was shot.

(Mayfield and Somerville, JJ., dissent.)

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

Action by Mary E. Gooch, administratrix, against the Birmingham Railway, Light & Power Company. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

The complaint is as follows: (1) "Plaintiff claims of defendant the sum of $50,000 as damages, for that on, to wit, the 30th day of September, 1906, plaintiff's intestate, J. C. Gooch, was a passenger on defendant's railroad, known as the 'South Ensley Line,' at Osceola station, in Jefferson county, Alabama, going in the direction of the city of Birmingham, and that the said defendant owned and operated the said railway in said county and state, and it was its duty to carry safely passengers along this route, and to their destination; that said defendant had in its employment, as a motor-

man of said car, one G. K. Ensley, and also a conductor of said car, a youth about 17 years old, whose name is to plaintiff unknown; that in said car was a colored man, Joe Mason, and his wife, whose name is to plaintiff unknown; that said conductor had an altercation with the said Joe Mason's wife, and the said Joe Mason took up the difficulty with the said conductor; and that the motorman stopped the car, and demanded that the woman pay her fare. Joe Mason went out of the car and cursed the motorman, whereupon the motorman took the controlling lever and threw it at Joe Mason. The conductor ran out of the car, and Joe Mason fired several shot into the car, one of which struck plaintiff's intestate, and, after lingering about 14 days, he died from the effects of said wound, on, to wit, the 14th day of October, 1906. The plaintiff avers that by reason of the negligence of defendant, its agents or employees, the difficulty was provoked, and from which negligence the death of plaintiff's intestate was the proximate result." (3) Same as 1, down to and including the words, "demanded of the woman to pay her fare," and adds: "And plaintiff avers that it was no part of the duty of the said Ensley, the motorman, to leave his post of duty and go back into the car and engage in the difficulty or altercation in which the conductor was engaged with the said wife of Joe Mason, and that the said Ensley kept up the difficulty by throwing at Joe Mason his controller lever, which caused the said Joe Mason to fire into the car, and that his negligence in leaving his position as motorman and entering into the difficulty with Joe Mason and his wife was the proximate cause of plaintiff's intestate being wounded, from which wound he died."

The demurrers raise the point that the complaint does not allege with sufficient certainty and definite-

ness that the defendant, or any of its agents or servants, were guilty of wrong or negligence, which resulted proximately in the shooting or death of plaintiff's intestate; it does not appear that the difficulty was provoked by the defendant, its agents or employees; it does not appear that said difficulty was the result of any negligence on the part of the defendant, its agents or employees; the provocation of said difficulty was not the proximate cause of the shooting of plaintiff's intestate, or of his death; and other similar grounds. The second plea is as follows: "Defendant says that said conductor was without fault in bringing on the difficulty, left said car because at the time of leaving it the negro, Joe Mason, was shooting into the car, and the conductor was in imminent danger of serious bodily harm from said shooting, and it was necessary to leave said car, to protect himself from serious bodily injury, from said shooting." This plea was filed to the second count, which alleged that it was the duty of the conductor, after having brought on the difficulty, to remain in said car and protect his passengers, and that he neglected to do so, but ran out of the car, and by reason of neglecting his duty in not protecting his passengers plaintiff's intestate lost his life.

BUSH & BUSH, for appellant. The court was in error in overruling demurrers to plea 2, and in sustaining demurrers to counts 1 and 3.—*B. R. & E. Co. v. Baird,* 130 Ala. 334.

TILLMAN, BRADLEY & MORROW, for appellee. No brief reached the Reporter.

SIMPSON, J.—As will be seen by the pleading (which will be set out in the statement of the case by

the reporter), this is an action by the appellant for damages, caused by a shot fired by one who had been a passenger, after having had an altercation with the conductor and motorman.

Appellant states that the main point in controversy is that it is claimed that the court erred in overruling plaintiff's demurrer to plea 2.

While it is settled law that it is the duty of the employees in charge of a car to use all the means in their power to protect passengers from injuries, assaults, and indignities by others to and upon passengers, yet it is difficult to see how the conductor could better protect a passenger by remaining in the car, while a person on the outside was firing into the car. As the grievance of the person firing was against the conductor, it would seem that his leaving the car would rather tend to draw the firing away from the car, and thus protect the passengers. The plea alleges that the conductor was not in fault in bringing on the difficulty. There was no error in overruling the demurrer to said plea.

We hold that the court erred in sustaining the demurrer to the first and third counts of the complaint, which allege that the shooting was caused by the wrongful act of the motorman in renewing the quarrel and precipitating the difficulty by throwing the controller lever at the negro, and thereby drawing his fire. In thus precipitating the difficulty, the motorman was violating the duty owed to the passengers, of protection, and for the result the defendant became liable.

The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON, McCLELLAN, and SAYRE, JJ., concur. MAYFIELD and SOMERVILLE, JJ., dissent.