JAMES L. GILES AND CHARLES F. McQUAIG, *Plaintiffs in Error,* v. J. W. WILMOT, *Defendant in Error.*

Opinion Filed February 12, 1919.

Petition for Rehearing denied March 17, 1919.

Where the original action was not "commenced within the time prescribed therefor" but was commenced before the cause

of action accrued, Section 1715, General Statutes, has no application, where the later action was not commenced "within one year after the reversal" of the former judgment.

A Writ of Error to the Circuit Court for Orange County; J. W. Perkins, Judge.

Judgment reversed.

*Davis & Giles*, for Plaintiffs in Error;

*Jones & Jones*, for Defendant in Error.

PER CURIAM.—On May 10th, 1911, this action was brought by Wilmott. The defendants pleaded that the cause of action did not accrue within four years before this suit. Plaintiff replied that under the statute this action was brought within one year after the reversal of a judgment in an action commenced within the time prescribed therefor. Issue was joined on this replication. Judgment for plaintiff. Defendants took writ of error.

It appears that a former action herein was commenced April 25th, 1903, on a cause of action that had not then accrued. For this reason the former judgment was on April 19, 1910, reversed. Giles v. Wilmott, 59 Fla. 271, 52 South. Rep. 287. The mandate on the former writ of error was filed in the trial court on May 23, 1910.

In Section 1715, General Statutes of 1906, Compiled Laws of 1914, it is provided that "if an action shall be commenced within the time prescribed therefor, and a judgment therein for the plaintiff be reversed on appeal or writ of error, the plaintiff, or, if he die and the cause of action survive, his heirs or representatives, may commence a new action within one year after the reversal."

As the original action in this case was not "commenced within the time prescribed therefor," but was commenced before the cause of action accrued, the quoted provision of Section 1715 has no application, where the later action was not commenced "within one year after the reversal" of the former judgment. The statute of limitations having barred this action, the judgment is reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.