A. L. REINSCHMIDT, D. J. REINSCHMIDT, Co-partners doing Business as PENSACOLA COOPERAGE COMPANY, *Plaintiffs in Error,* v. L. G. CROSBY, *Defendant in Error.*

Division A.

Opinion filed August 1, 1929.

*John S. Beard* and *John P. Stokes,* for Plaintiffs in Error;

*E. C. Maxwell, Philip D. Beall* and *John M. Coe,* for Defendants in Error.

BROWN, J.—This is a common law action for damages for trespass to real estate.

It seems that prior to the institution of this action the plaintiff had filed a bill to enjoin the defendant from maintaining a fence across the right of way in question in this case, and from which the declaration alleged that certain trackage was wrongfully removed. Upon a demurrer being sustained to this bill, an appeal was taken to this Court and the order sustaining the demurrer to the bill was reversed. See 90 Fla. 334, 106 So. R. 126.

In the declaration the plaintiffs briefly allege the filing of this bill and its purpose, the order sustaining the demurrer, the taking of an appeal, the action of this Court in reversing such order, and conclude with these words: "which bill of complaint, the amendments thereto, and exhibits, are made a part of this declaration." No copies of the papers referred to were attached to the declaration, as exhibits or otherwise. Nor is it alleged that any final decree was ever rendered in the cause, or any further action taken therein after reversal. It is not attempted to make any such decree, if there was any, the basis of plaintiff's right in the property involved in this case. There was a motion made by the defendant to strike these allegations of the declaration, which motion was granted. There was no error in this ruling.

Good pleading requires that all material averments should be contained in the declaration, though for some purposes and to a certain extent documents attached thereto as exhibits and made a part thereof by apt words may be considered with the same force and effect as if contained in the body of the declaration itself, 8 Encyc. Pldg. & Prac., 740, 742; Strout Farm Agency Co. v. Hollingsworth, 110 So. R. 267, 92 Fla. 673; 31 Cyc. 558, 560.

But the pleader cannot make a part of his declaration, by mere reference thereto, a pleading or pleadings in another suit; nor can he do so by merely stating that they are made a part of the declaration, unless he sets them out therein or attaches copies thereof as exhibits. In order to effectually make an exhibit a part of a declaration, it should be generally annexed thereto and sufficiently described, or impressed with some mark for identification as to which the pleading should refer and also made a part of the declaration by apt words. See authorities above cited.

We do not mean to hold that in this case the pleadings in the chancery case would have constituted any proper part of the declaration, even if set forth in full in the body of the declaration, or properly attached as exhibits.

Among others the defendant filed a plea of the statute of limitations of three years. To this plea, the plaintiffs filed a replication setting up the institution of the injunction suit above referred to and the reversal by this Court of the order sustaining the demurrer to the bill and alleging that the statute did not mature until one year after the decision of this Court. Plaintiffs in error based this contention upon the 3rd paragraph of Section 4648, C. G. L., which reads as follows:

> 3. "Action after Reversal of Plaintiff's Judgment.—
> If an action shall be commenced within the time prescribed therefor, and a judgment therein for the plaintiff be reversed on appeal or writ of error, the plaintiff, or, if he die and the cause of action survives, his heirs or representatives, may commence a new action within one year after the reversal. (Nov. 10, 1928, Pr. 16.)"

It is quite clear in our minds that this statutory provision does not apply in this case. By its own language, it applies to an action brought within the proper time, in which a *judgment for* the plaintiff is reversed, in which case the plaintiff may commence a new action within one year after the reversal. No argument is needed to show the inapplicability of this statutory provision to this case.

It would unduly lengthen this opinion to review in detail the rulings of the court on the various pleas, replications and demurrers. Although in its last order sustaining defendant's demurrer to certain of plaintiff's replications, the court allowed the plaintiffs until the next rule day to

plead further, the plaintiffs did not see fit to file any further pleadings, and on motion the court rendered judgment in favor of the defendant, to which writ of error was taken. We find no error in the rulings of the court which are complained of and insisted upon in argument, and the judgment of the court below is therefore affirmed.

Affirmed.

TERRELL, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.

### ON PETITION FOR REHEARING.

Opinion filed September 27, 1929.

BROWN, J.—On petition for rehearing, it is contended that this is not an action for damages for trespass to real estate, but an action on the case, and hence that the three-year statute of limitations does not apply; that the case falls within the operation of the four-year limitation.

There was no demurrer to the plea of the three-year limitation, but the plaintiffs interposed a replication thereto, as follows: "That the statute of limitations in this cause is not three years but four years."

To this replication the defendant demurred on the following grounds: "1. It alleges no fact. 2. It only alleges a conclusion of law. 3. The issue sought to be raised should be presented by demurrer."

This demurrer was sustained by the court, and properly so. The court in the order sustaining the demurrer, allowed plaintiffs until the following rule day to plead further. Plaintiffs did not see fit to do so. The court on motion.

afterward rendered final judgment for defendant, in which it was recited that "the plaintiffs not desiring to plead further, but failing and refusing so to do; now, therefore, it is ordered and adjudged," etc.

Thus, even if there be any merit in the contention of plaintiffs in error, they did not properly present the question in the court below, and though the court gave them another opportunity to do so, they either declined or failed to take advantage of it. Under these circumstances, we do not think we would be warranted in reversing the case on this ground, even if the fundamental basis of the contention of plaintiffs in error be well founded, which is by no means clear. See 38 Cyc. 1029.

Rehearing denied.

TERRELL, C. J., AND ELLIS, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.