G. E. JAMES v. DR. P. PHILLIPS Co.
155 So. 661.
Division B.
Opinion Filed June 14, 1934.

*E. W. & R. C. Davis,* for Plaintiff in Error;

*Akerman & Gray,* for Defendant in Error.

Brown, J.—The amended declaration in this case, prior to the amendment of February 1, 1932, did not wholly fail to state a cause of action. While the exact facts in this case, as made by the original and amended declarations, are unusual, and no case on all-fours with this one appears to have been cited by either side, we are of the opinion, on general principles, that a person engaged in the fruit brokerage business, who ships fruit to the markets in his own name, has such a property right in his name as to sustain

an action on the case against another person engaged in a similar business who ships decayed fruit in the name of such first person, but without his authority, in such a way as to lead the trade to believe that the plaintiff was guilty of shipping such decayed fruit to the trade in general, to his injury and damage.

A person has a certain property right in his own name, or in his trade name, which right the courts will under certain circumstances protect from invasion. Thus, a tort may arise from the unauthorized prosecution of a suit in the name of another, irrespective of the merits of the suit if it had been properly brought. See 62 C. J. 1149, and cases cited. However, it is said in 45 C. J. 382 that "where no question of trade or business purposes is involved, nor any special injury to character, reputation, or property, a person has generally no such exclusive use of a name as will enable him to prevent its assumption or use by another, except where such right is given by statute, and, according to some authorities, where such right is protected under the so-called right of privacy." See also 54 C. J. 821, and 26 R. C. L. 854. It is also held that one of the forms of actionable unfair competition consists in passing off, or attempting to pass off, on the public the goods or business of one person as and for the goods or business of another. 63 C. J. 324, citing many cases.

While it has been held that a personal name is not the subject of exclusive appropriation as a trade mark, and that one cannot deprive another person of the same name from using his own name in connection with his goods or business, yet everyone, generally speaking, has the right to use his own name in his own business, and personal names must be used truthfully and in good faith, or their use will be enjoined. 63 C. J. 429-433, and cases cited. Thus in the

case of Gottdiener v. Joe's Restaurant, Inc., 149 So. 646, 111 Fla. 741, the facts disclosed that the plaintiff enjoyed an established reputation in the restaurant business which was advertised as "Joe's Restaurant," and that defendant, a former employee of plaintiff, opened a restaurant near to plaintiff's place of business and erected over it an electric sign carrying the words "Little Joe's Restaurant," with the word "Joe's" in bold relief, but with the word "Little" in much smaller letters and illegible at a comparatively short distance, to the material injury of the plaintiff. Although the defendant was called "Little Joe" by his friends, the court held that the defendant should have been enjoined from the use of the sign above referred to, although he might properly use a sign designating his place of business as "Little Joe's Restaurant" if the word "Little" was made equally conspicuous with the succeeding words, so as to prevent any confusion in the minds of the public between the business respectively of the plaintiff and the defendant. A man may acquire the right of a trade mark in his own name, and no other person has the right to adopt his label or trade mark, or one so like it as to lead the public to suppose the article to which it is affixed is that of the other person, though this right to use one's own name might not be exclusive of the right of another person by the same name. In this general connection, see El Modello Cigar Mfg. Co. v. Gato, 25 Fla. 886, 7 So. 23; La Folette v Hinkle, 229 Pac. 317; Edison v. Edison Polyform Mfg. Co. 73 N. J. Eq. 136, 67 Atl. 392; L. E. Waterman Co. v. Modern Pen. Co., 235 U. S. 88, 35 S. C. 91, 59 Law Ed. 142.

It is claimed by appellee that no cause of action was stated by the declaration until the amendment of February 1, 1932, or that such amendment wrought such a change in the cause of action as to make it subject to the plea of the

statute of limitations, the amendment not having been made until the statute of limitations had run. The declaration alleged that the defendant had shipped in the name of the plaintiff unwholesome, decayed and rotten fruit to commission merchants and brokers east of the Mississippi River, such shipments being made to the plaintiff in Savannah, Georgia, and afterwards diverted to other points east of the Mississippi River. By way of amendment on February 1, 1932, there was added to the foregoing the words "which points are unknown to plaintiff, and was there sold in the market." Before this amendment was made there was no direct allegation in the declaration that any other broker or commission merchant or third party ever knew or had knowledge of the fact that such decayed or unwholesome fruit had been shipped by the defendant in the name of the plaintiff. However, the declaration did allege that the shipments had been made in such a way as to lead the trade and all good people in general to believe that the plaintiff was guilty of shipping decayed and unwholesome fruit to the trade, and that by means of this the plaintiff had been deprived of custom and trade of divers persons, and of profits and income therefrom, to his damage. Thus the gravamen of the action from the beginning was the shipping of decayed fruit in plaintiff's name without his authority or consent in such a way as to lead the trade to believe that he was guilty of such wrong conduct, to the injury of his reputation and his business. Our conclusion is that the declaration as it stood when the amendment of February 1, 1932, was made, did not wholly fail to state a cause of action for at least some damages, and that the amendment of February 1, 1932, was in the nature of an amplification of the cause of action already stated, which while it supported and fortified such cause of action, did not change the essence

thereof, nor did it amount to the statement of a new and distinct claim or cause of action. An amendment does not in general make a new cause of action where the real parties and interests and the essential elements of the controversy remain the same. Gibbs v. McCoy, 10 Fla. 245, 70 So. 86. See also Livingston v. Malever, 103 Fla. 200, 137 So. 113 and cases therein cited; also 37 C. J. 1071-1074, and N. Y. Central and Hudson River R. C. v. Kinney, 260 U. S. 340, 67 Law Ed. 294.

For these reasons, we hold that it was error for the trial court to overrule plaintiff's demurrrer to the plea of the statute of limitations and to direct a verdict for the defendant.

Reversed and remanded.

WHITFIELD, P. J., and BUFORD, J., concur.

DAVIS, C. J., concurs in the opinion and judgment.