DOCTOR P. PHILLIPS COMPANY, INC., v. G. E. JAMES

163 So. 409.
Division B.
Opinion Filed September 30, 1935.

*Hugh Akerman* and *C. O. Andrews,* for Plaintiff in Error;

*E. W. & R. C. Davis,* for Defendant in Error.

TERRELL, J.—In this case the parties have flushed and argued a flock of questions. Counsel are in disagreement as to the main question or questions presented by the record. The gist of the declaration is that plaintiff and defendant were both engaged in the citrus brokerage business at Orlando, Florida, in January, 1928, and that the defendant did on the eleventh, thirteenth, sixteenth, and seventeenth of said month ship eleven cars of citrus fruits to the market in the name of plaintiff, and that said cars of fruit were in a decayed and frozen condition, and were shipped without the knowledge or consent of the plaintiff, by reason of which he (plaintiff) was damaged in his name, trade, and business to the extent of $25,000.00. The declaration herein was upheld in James v. Dr. P. Phillips Co., 115 Fla. 472; 155 So. 661.

Pleas to the declaration were regularly entered, all of which went out on demurrer except the first, fifth, tenth, and twelfth, which presented the general issue, the further issue that the fruit was shipped in good condition, that it was not shipped in the name of plaintiff, and that plaintiff

condoned defendant's alleged wrongful act. A trial resulted in a verdict and judgment for $5,000.00 in favor of the plaintiff, to which the instant writ of error was prosecuted.

The sole question essential for us to consider is whether or not the defendant, without the knowledge or consent of plaintiff, did on January 11, 13, 16 and 17, 1928, consign and ship to market in the name of the plaintiff eleven cars of citrus fruits which were then frozen and decayed, and whether or not the sale or shipment of said fruits damaged his name or business.

It is shown that defendant did consign and ship to the market eleven cars of citrus fruits in the name of the plaintiff as alleged in the declaration, but there is no evidence which shows that said fruit was sold in the name of the plaintiff or that he suffered any damage in name or business by reason of such sale or shipments. The weight of the evidence shows that all cars of fruit shipped were diverted after shipment, were sold in the name of defendant, and that they were neither frozen nor decayed but brought the market prices when sold. As an entirety we find no conclusive evidence on which a verdict for damages can rest.

There is no direct evidence in support of damages except that of the plaintiff and when carefully analyzed it shows that in 1928 he had little or no business to injure and there is no causal connection shown between his lack of business and the shipments brought in question. His evidence was otherwise too indefinite and inconclusive to support a verdict in his favor. No aspect of the evidence pointed to malice in connection with the shipments so there was no ground for exemplary or punitive damages.

On the showing made we find no basis for a verdict in favor of the plaintiff other than for nominal damages for

the use of his name without his consent. Other questions raised have been considered. The judgment below is accordingly reversed.

Reversed.

WHITFIELD, C. J., and BROWN, BUFORD and DAVIS, J. J., concur.