THOMAS, Justice.
As a background for the simple question confronting us we give the chronology of this litigation. It started 14 September 1950 when the appellant filed a complaint against the appellees to recover a commission for services he had performed as a real estate broker. The cause of action had accrued 19 July 1949. A trial of the issues culminated in a judgment entered 28 November 1951. On 21 December 1951 a new trial was granted and the appellant appealed from the order. The supreme court affirmed it. Schneider v. Cohan, Fla., 59 So.2d 644. The case was retried, 4 May 1953, and at the conclusion of the appellant’s evidence, the court indicated that he would grant appellees’ motion for a directed verdict, so the appellant took a voluntary non-suit. Meanwhile three years had passed since the cause of action arose. Following the non-suit, from which no appeal was taken, the appellant instituted a new suit, 8 June 1953.
To the last complaint the appellees pleaded the three-year statute of limitations, Sec. 95.11(5) (e), Florida Statutes 1949, and F.S.A., and the circuit judge having the view that no genuine issue of fact was presented, inasmuch as the dates we have detailed were fixed, and that the defense was well taken entered a summary judgment for the appellees.
Patently three years elapsed between the origin of the cause of action and the institution of the last suit, but the appellant argues here, as he argued before the circuit court, that he could keep his foothold in court because of Sec. 95.06, Florida Statutes 1949, and F.S.A.
The statute provides that “[i]f an action shall be commenced within the time prescribed therefor, and a judgment therein for the plaintiff be reversed on appeal * * * the plaintiff * * * may commence a new action within one year after the. reversal.”
It has been noted from the history of the litigation that the original action was started within the prescribed period, but no judgment for the plaintiff was reversed on appeal. The defendant was granted a new trial and this ruling was affirmed. The case was actually tried the second time and ended in the non-suit which the appellant did not challenge. Instead, he chose to start a new suit after the statute of limitations had become available as a defense.
We think the very language of the statute demonstrates its inapplicability to the situation with which we are dealing. The argument that the affirmance of the order granting appellees a new trial in the initial suit was equivalent to a reversal of a judgment for the plaintiff is not logical. When the new trial was granted, there was in effect no final judgment, Ruff v. Georgia S. & F. Ry. Co., 67 Fla. 224, 64 So. 782, and under Sec. 59.04, Florida Statutes 1949, and F.S.A., there would have been none, before retrial, unless the supreme court had reversed and directed that one be entered. Aside from the fact that a trial intervened between the time the supreme court affirmed and the last action was started, the evident purpose of the statute did not come into play. Con *135 ceivably a plaintiff who had won in the trial court and lost in the appellate court would in some instances have a year to start over. For an illustration of a situation where the benefit of the statute would be available see Hoagland v. Railway Express Agency, Inc., Fla., 75 So.2d 822. But the appellant had no such right here. He had a second trial and elected not to stay in court by taking an appeal, but to start anew. When he did that his complaint became subject to the defense of the statute of limitations and the judge was eminently correct when he decided that the litigation ended then and there.
Affirmed.
DREW, C. J., and HOBSON and THORNAL, JJ., concur.