216 So.2d 59 (1968)
Frank M. BARRENTINE, Appellant,
v.
VULCAN MATERIALS COMPANY, a New Jersey Corporation, and John McNeil, Individually, Appellees.
No. K-63.
District Court of Appeal of Florida. First District.
November 26, 1968.
E. Ward Harris, Panama City, for appellant.
Isler, Welch, Bryant, Smith & Higby, Panama City, for appellees.
WIGGINTON, Chief Judge.
Appellant, who was plaintiff in the trial court, has appealed a final judgment dismissing with prejudice his complaint brought for the recovery of damages arising out of personal injuries suffered as a result of defendants' alleged negligence.
This is a companion case to that of Barrentine v. Vulcan Materials Company *60 et al., 216 So.2d 57, in which this court has today filed its opinion affirming the final judgment appealed therein. The final judgment in that case was entered consequent upon a previous order denying plaintiff's motion to reinstate his cause which had theretofore been dismissed for failure to prosecute.
The complaint in the case sub judice was filed only a few days following the trial court's final judgment refusing to reinstate the previous complaint predicated upon the same cause of action alleged in this case. The complaint alleges that the earlier suit between the same parties and based upon the same cause of action was originally commenced on March 11, 1966, but was dismissed by order of the court dated November 7, 1967, the latter date actually being the date on which the order was entered in the original suit denying plaintiff's motion to reinstate the cause. The complaint alleges that the cause of action sued upon accrued on April 4, 1962, and the complaint in the suit we now review was not filed until November 10, 1967.
From the face of the complaint in the case sub judice it affirmatively appears that the cause of action for damages resulting from the alleged negligent act of the defendants accrued on April 4, 1962. A suit to recover such damages was commenced on March 11, 1966, some 24 days prior to the expiration of the statute of limitations. That suit pended in the court from the date it was commenced until the trial court denied plaintiff's motion to reinstate the cause which had previously been dismissed for failure to prosecute. The complaint in the case sub judice was filed three days thereafter on November 10, 1967. Defendants filed their motion to dismiss the complaint on the ground that it affirmatively appeared therefrom that the plaintiff's cause of action is barred by the statute of limitations, F.S. Chapter 95.11(4), F.S.A. From the final judgment sustaining defendants' motion and dismissing the cause with prejudice, this appeal is taken.
Appellant concedes that the applicable statute of limitations requires that his action be commenced within four years from the accrual of the cause of action alleged therein. It is patent from the allegations of the complaint that more than five years and seven months elapsed between the accrual of the cause of action and the filing of the complaint in this case. Appellant relies on two points for reversal.
Appellant first contends that the defense of the statute of limitations is an affirmative defense which is required to be pleaded in an answer to the complaint, and cannot be asserted as grounds in support of a motion to dismiss. Appellant's position was the law of Florida prior to the amendment of Rule 1.110(d), R.C.P., 30 F.S.A., which now provides as follows:
"* * * Affirmative defenses appearing on the face of a prior pleading may be asserted as grounds for a motion or defense under Rule 1.140(b); provided this shall not limit amendments under Rule 1.190 even if such ground is sustained."[1]
Since the facts relied on by appellees to support the ground of their motion to dismiss because of the bar of the statute of limitations affirmatively appear on the face of the complaint to which the motion is directed, the trial court was correct in rejecting appellant's contention on this ground of his objection.
Appellant secondarily contends that although more than four years elapsed between the accrual of the cause of action sued upon and the filing of his complaint in this case, nevertheless the present action was commenced within the prescribed period of the statute because the time during which his initial suit was pending before the court tolled the running of the statute *61 and must be deducted from the elapsed time in arriving at a determination as to whether the four-year-limitations period expired before this action was commenced. Appellant contends that by deducting the time which expired between the filing of his original complaint on March 11, 1966, and the denial of his motion to reinstate his cause on November 7, 1967, from the total elapsed time between the accrual of the cause of action and the filing of his complaint in this case, it must be held that his complaint was filed within the four-year-limitations period and the court erred in dismissing it on the ground of the statute of limitations. Appellant cites no authority to support his contention in this regard. We therefore hold that the running of the statute of limitations was not tolled during the pendency of plaintiff's original action, and the time during which that action was in litigation may not be deducted from the total elapsed time in determining whether the action is barred by the statute.
Appellant additionally supports his argument on this point by reliance upon the provision of the statute relating to limitation as to new action after reversal of judgment, which statute is as follows:

"Limitation as to new action after reversal of judgment If an action shall be commenced within the time prescribed therefor, and a judgment therein for the plaintiff be reversed on appeal or writ of error, the plaintiff, or, if he die and the cause of action survives, his heirs or representatives, may commence a new action within one year after the reversal."[2]
Appellant's reliance upon the foregoing quoted provision of our statutory law is not well founded. It has been repeatedly held that this statute applies solely and exclusively to the case in which a trial court judgment in favor of the plaintiff is reversed on appeal, but has no application whatever to a case in which an original cause of action is dismissed, no appeal is taken therefrom, and the plaintiff attempts to reassert his cause in a new complaint subsequently filed.[3] When issues are resolved against a plaintiff by action of the trial court, the cause of action dismissed, and the decision not appealed, the judgment becomes res judicata. Under these circumstances the provisions of F.S. Section 95.06, F.S.A., on which appellant relies are wholly inapplicable and of no assistance to avoid the bar of the statute of limitations.[4]
For the reasons and upon the authorities hereinabove cited and discussed, the final judgment appealed herein is affirmed.
CARROLL, DONALD K., and RAWLS, JJ., concur.
NOTES
[1] Hawkins v. Williams (Fla. 1967), 200 So.2d 800.
[2] F.S. § 95.06, F.S.A.
[3] Schneider v. Cohan (Fla. 1955), 82 So.2d 133; Reinschmidt v. Crosby, 98 Fla. 365, 123 So. 755, 124 So. 4.
[4] Kessler v. Townsley, 132 Fla. 744, 182 So. 232.