## SERRANA *et al* v. JEFFERSON *et al.*

(*Circuit Court, S. D. New York.* January 3, 1888.)

COPYRIGHT—PLAYS—MECHANICAL CONTRIVANCE—IMITATION OF RIVER.

A mechanical contrivance consisting of a real tank, into which real water is made to fall, and running thence off underneath the stage, representing a river into which in the course of a theatrical play the villain is made to fall from a bridge above, not being a link in the chain of incident which, together with the speech and action of the performance, constitute a series of events concededly novel, is not such a mechanical contrivance as will be protected by copyright of the play in which it is introduced.

In Equity.   Motion for perpetual injunction.
*Patrick E. Callahan,* for complainant.
*A. J. Dittenhoefer,* for defendants.

LACOMBE, J.   The plaintiffs have elaborated Mr. Vincent Crummles' dramatic conception of a real pump and wash-tubs.   In the fourth act of their play entitled "Donna Bianca, or Brought to Light," they set in the stage a real tank, three feet square and seven feet deep, filled with natural water.   This water flows through a trough from behind a battlement wall at the rear of the stage, falling into the tank and running off underneath the stage.   The water in this tank and trough represents a river.   It is crossed by a bridge, upon which, after an angry dialogue between the hero and the villain of the play, there ensues a struggle in which the villain falls through the bridge into the water below.   Plaintiffs allege that their play is copyrighted, and, by virtue of that circumstance, pray for an injunction against the defendants.   These latter are now managing and producing, at the Academy of Music in this city, a play entitled "A Dark Secret."   Here, too, there is placed upon or set into the stage a tank considerably larger than the plaintiffs' tank and trough, also filled with natural water, and intended to represent the river Thames.   Into this tank the heroine of the play is thrown, after appropriate dialogue.   It is alleged that these immersion scenes in the two plays are prominent features and add greatly to their attractiveness.

There is nothing original in the incident thus represented on the stage. Heroes and heroines, as well as villians, of both sexes, have for a time whereof the memory of the theater-goer runneth not to the contrary, been precipitated into conventional ponds, lakes, rivers, and seas.   So fre-

quent a catastrophe may fairly be regarded as the common property of all playwrights. The plaintiffs' contention is founded solely upon the circumstance that in their play the river into which the fall takes place is mimicked by a tank filled with real water, instead of by an apparatus constructed of cloth, canvas, or painted pasteboard. Such a mechanical contrivance, however, is not protected by a copyright of the play in which it is introduced. The decisions which extend the definition of "dramatic composition" so as to include situations and "scenic" effects, do not cover the mere mechanical instrumentalities by which such effects or situations are produced. The plaintiffs upon the argument referred to *Daly* v. *Palmer*, 6 Blatchf. 264, as sustaining their contention. That case does not go to such extent. The practicable railroad tracks, and the counterfeit locomotives which ran upon them, in the two plays analyzed by Judge BLATCHFORD in *Daly* v. *Palmer*, suggested the name "railroad scene" as generally descriptive of the portions of those plays in which they were introduced. The tracks and locomotives, however, were mere links in an extended chain of incident, speech, and action, which, together, represented a series of events concededly novel, and which, in the opinion of the court, constituted a dramatic composition. Because in both plays there was found the same series of events in the same order, represented in a manner to convey the same sensations and impressions to the spectators, it was held that the representations of the latter was a piracy of a meritorious part of the invention incorporated in the former.

Motion for injunction is denied.