JOSEPH GOTTDIENER v. JOE'S RESTAURANT, INC.

149 So. 646.
Division B.
Opinion Filed August 10, 1933.

*Kehoe & Kehoe* and *Fred W. Pine,* for Appellant;
*W. A. Nall* and *A. Frank Katzentine,* for Appellee.

BROWN, J.—Appellee filed its bill against appellant, defendant in the court below, to enjoin the defendant from the use of the name "Little Joe's Restaurant" and any other name or names similar to the name "Joe's Restaurant" and "Joe's."

A final decree was rendered overruling all exceptions to the master's report and enjoining the defendant, and any and all persons claiming under him, in the operation of the restaurant business theretofore maintained by the defendant at Miami Beach, Florida, from any and all use as a means of identifying such business of the words "Little Joe's" or "Little Joe's Restaurant" or other words or manner of designation prejudicially similar to the names by which the restaurant business of the complainant had theretofore been identified before the public, to-wit: "Joe's" and "Joe's Restaurant." It was further ordered that the defendant forthwith discontinue the use of the words "Little Joe's" or "Little Joe's Restaurant" in connection with, or as a part of any and all signs, placards, and other means of

advertisement then in use by him as a means of identifying his restaurant business before the public.

Considerable testimony was taken in the case and the facts shown thereby are very well summed up in the report of General Master Dowell in the following paragraphs of the report:

"1.  I find that the complainant is the owner and operator of Joe's Restaurant, also known as Joe's, located at number 227 Biscayne Street, Miami Beach, Florida, at which address said restaurant, under said names, has been conducted continuously for more than ten years; that during the greater portion of said period of time said restaurant has been under the active management; operation and control of one Joseph Weiss, by whom said business was founded, from whom it took its name and under whose intelligent direction it has prospered and acquired a wide reputation for the excellence in cuisine and unique service.

"2.  I find that the defendant, some seven years ago, was employed by Joe's Restaurant as a waiter; that he was so employed for a period of some three years during which time he acquired an intimate knowledge of the various recipes uniformly used by complainant in the preparation of food for his patrons and also familiarized himself with the unique method of serving such patrons.

"3.  I find that, some four years ago, defendant, having been discharged, in the year 1926, opened a restaurant of his own, within six city blocks of complainant's restaurant, under the trade name of "Little Joe's Restaurant" or "Little Joe."  That in the following year, still using the same name, he moved his place of business to a location within two blocks of complainant's restaurant and so situated that most of complainant's patrons necessarily passed "Little Joe's" place on their way to complainant's.  That in the conduct

of his business, defendant has uniformly imitated the peculiar service and methods of preparing food stuffs originated at Miami Beach and there used by complainant in building a reputation for excellence in food and service, both locally as well as among a foreign clientele.

"4. I further find that defendant has caused to be erected over his place of business an electric sign which, when illuminated brings out in bold relief the word "Joe's," the word "Little" in much smaller letters, being illegible at a comparatively short distance.

"5. I further find that, in the operation and conduct of his business, defendant through the use of a closely similar trade name and by adopting other methods of deception as related in paragraphs three and four, *supra,* is, as a matter of fact, practicing an imposition upon the public to the material injury of complainant."

The master recommended that the court enter its final decree in accordance with the prayer for relief set forth in the bill. There was some evidence that the defendant was called "Little Joe" by his friends.

The subject of trade marks and trade names is discussed in El Modelo Cigar Manufacturing Co. v. Gato, 25 Fla. 886, 7 So. 23, and in Children's Bootery v. Sutker, 91 Fla. 60, 107 So. 345.

The writer is of the opinion that the decree of the court below, in view of all circumstances shown in the pleadings and evidence, might well be affirmed as written, but the majority of the Court are of the opinion that the terms of the injunction granted are too broad. The majority holding is that the injunction of the defendant in the court below should have been so framed as to enjoin the defendant from using or maintaining in connection with his business any

signs, placards or other means of advertisement in which the word "Little" preceeding the words "Joe's Restaurant" was printed or framed in such small type of characters as to tend to confuse the identifying of his restaurant business with that of "Joe's Restaurant," that is, that such signs, placards and means of advertisements used or to be used by the defendant should be so prepared as to make the word "Little' in designating the business of "Little Joe's Restaurant" equally conspicuous with the succeeding words, "Joe's Restaurant," so as to prevent any confusion in the minds of the public between the businesses respectively of the appellant and the appellee.

It follows that the decree as granted is erroneous and must be reversed with directions for reforming the decree so as to conform with the holding herein above outlined.

A general discussion of this question will be found in 63 C. J. 429-436. It is the opinion of the Court that the cases therein cited uphold the decision here made. Thus, on pp. 431-432 of 63 C. J., it is said:

"However, the right to use a personal name in a business even one's own, is subject to the general rules in regard to unfair competition. Personal names must be used truthfully and in good faith, or their use will be enjoined. A man must use his own name honestly and not as a means of pirating upon the good will and reputation of a rival by passing off his goods or business as the goods or business of his rival who gave the name its reputation and value. No one will be permitted to use even his own name with the fraudulent intention of appropriating the good will of a business established and built up by another person of the same name. While the use of one's own name cannot be absolutely enjoined, nevertheless the manner of using it may be regulated by injunction. No person will be allowed

to use even his own name in such a manner as to inflict an unnecessary injury upon another, and such as would not naturally result from the mere identity or similarity of names, but where the only confusion created is that which results from the similarity of names, the courts will not interfere. No device or artifice, such as an imitative dress of goods, or an inconspicuous size of type, misleading advertisements, etc., will be permitted which will facilitate or increase the deception caused by the similarity of names."

Reversed and remanded with instructions.

DAVIS, C. J., and WHITFIELD and TERRELL, J. J., concur.