MRS. FRANK P. McGHAN, KING FUNERAL HOME, INC., JOHN W. BURKE, and SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY v. JOSEPH P. McGHAN and McGHAN AMBULANCE, INC.

155 So. 653.
Division A.
Opinion Filed June 14, 1934.

415

*Ruff & Ready,* for Appellants;
*Brown & Wood,* for Appellees.

DAVIS, C. J.—In this case an injunction was granted enjoining and restraining the appellants, Mrs. Frank P. McGhan, John P. Burke and King Funeral Home, Inc., from using the name "McGhan A. A. Ambulance Service," or any name similar to the name "McGhan Ambulance, Inc.," and enjoining the Southern Bell Telephone & Telegraph Company from listing said name or any name similar thereto in the telephone directory of said company except the name of plaintiff, McGhan Ambulance, Inc. The aggrieved parties have appealed from the final decree which was entered upon bill, answer, a stipulation of facts and affidavits pursuant to a submission by the parties for final hearing thereon.

It appears from the record that the gravamen of the equity asserted by the bill lies in the position taken by the complainants below to the effect that the defendants, who had incorporated and were doing business under the name and style of King Funeral Home, Inc., had no legal right to thereafter adopt and use as the designation for their ambulance service, the descriptive term, "McGhan A. A. Ambulance Service," because to do so would operate to secure for such title in the telephone directory a relatively prior position to that theretofore occupied by the title, "McGhan Ambulance, Inc.," which latter phrase is inferior in

alphabetical rank to the title, "McGhan A. A. Ambulance Service," in the telephone directory as it is habitually made up by the telephone company.

The bill of complaint sets up that an ambulance service is usually afforded by undertaking establishments and is a method used by undertakers for advertising their business and for obtaining business and that it is a well recognized and acknowledged practice among those engaged in the undertaking business to operate an ambulance service in connection therewith.

It is then alleged that "McGhan A. A. Ambulance Service" is merely a name applied to the ambulance service conducted by the King Funeral Home, Inc., and that it had been adopted and used by the defendants below after complainant had begun operation and after it had established a name and reputation for a similar service carried on under the name, "McGhan Ambulance, Inc."; that such adoption and use by the defendants was designedly being perpetrated for the fraudulent purpose of deceiving the public, and obtaining the business of the complainants intended for McGhan Ambulance, Inc. The answer denies this and avers that the designation, "McGhan A. A. Ambulance Service," was the outgrowth of the volume of business and good will attendant thereon that had been established by Frank P. McGhan in his lifetime and which his widow, Mrs. Frank P. McGhan, one of the defendants, had inherited as part of the business and good will of her husband. The answer further averred that defendants had authorized the telephone company to insert in the directory after the title, "McGhan A. A. Ambulance Service," the words, "Not Joseph P. McGhan," in order to avoid confusion as a result of the similarity of names.

The evidence in the form of stipulations of fact and affi-

davits is conclusive only on the proposition that confusion has resulted and will likely continue to result from the use of the trade name, "McGhan A. A. Ambulance Service," as a means of identification of the separate ambulance service carried on in that name by King Funeral Home, Inc.

An infringement on a trade name is such a colorable imitation thereof that the general public, in the exercise of reasonable care, might think that it is the name of the one first appropriating it. Where such a similarity occurs and it tends to divert trade from a business rival it is considered a fraud and is subject to being enjoined, although the prior user may not have an exclusive right to the use of the name. To entitle a person to relief a proprietary interest in the name is not held to be essential, it being sufficient to show that complainant has an interest in the good will of the business threatened by the alleged unfair competition. It is the injury to a competitor caused by deceptive and fraudulent conduct that is the ground upon which courts of equity act in affording relief, and the right to relief is predicated upon the accepted principles of common business integrity. Only when the latter principle is violated will equitable relief be granted. Eastern Outfitting Co. v. Manheim, 59 Wash. 428, 110 Pac. Rep. 23, 35 L. R. A. (N. S.) 251. But where only confusion created results from mere similarity of persons' names when used in business, the courts will not interfere. Gottdiener v. Joe's Restaurant, 111 Fla. 741, 149 Sou. Rep. 646.

In the present case the evidence and pleadings show that while the name, "McGhan A. A. Amubulance Service," is simply a trade name adopted by King Funeral Home, Inc., which is the real operator of such service, yet it is nevertheless the outgrowth of an effort to preserve the benefits of the good will of an established business which was long

ago conducted by Frank P. McGhan, the deceased husband of the defendant, Mrs. Frank P. McGhan, who is now the beneficial owner of King Funeral Home, Inc. Complainants below are therefore without justification to seek a decree entirely forbidding the use of the words, "McGhan" and "Ambulance Service," in conjunction with each other, but may be entitled to relief to the extent of enjoining their use in such manner as to bring about unnecessary or designed confusion in the use of such names for the purpose of luring away a part of complainant's business.

The injunction below should be vacated with leave to reinstate it in such form as will comply with what was held by this Court in the Gottdiener case, *supra,* 149 Sou. Rep. 646, if the chancellor shall, on reconsideration of the facts and circumstances, find that injunctive relief is essential to be awarded complainants to protect the rights of the complainants below against the injurious use by the defendants of the descriptive term, "McGhan A. A. Ambulance Service," in such manner as to lead to confusion in the minds of the public between the businesses of the appellants and appellees. One-half of the costs of this appeal shall be taxed against the appellants.

Reversed and remanded with directions.

ELLIS and TERRELL, J. J., concur.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur in the opinion and judgment.