MAURICE GLAZER v. CHARLES HOFFMAN, also known as "Think-a-Drink HOFFMAN."

16 So. (2nd) 53        June Term, 1943
November 26, 1943        Division A

810

*Clyde W. Atkinson* and *Irving Nathanson* and *Harold B. Spaet,* for appellant.

*Louis Jepeway,* for appellee.

CHAPMAN, J.:

Charles Hoffman, also known as "Think-a-Drink Hoffman," a magician and entertainer, filed in the Circuit Court of Dade County, Florida, his bill of complaint, praying for a permanent injunction against Maurice Glazer, another magi-

cian and entertainer, and Jordan Corporation, owned by the defendant Glazer, and trading under the name of "Bill Jordan's Bar of Music."

In the bill of complaint it was alleged, in substance, that Hoffman, as a result of great labor, time and efforts, developed and originated a performance by which he produced real, straight or mixed drinks or beverages, such as high balls, cocktails, liquers, zombies, coffee and ice cream sodas from metal cocktail shakers which were shown to be empty and from beakers filled with water, which drinks were thought of or requested by members of his audiences; that beginning with 1935, after the development of the performance, plaintiff entertained with and played it before many audiences throughout the United States; that the performance was preceded by an "address" written or produced by the plaintiff, which was on March 18, 1938 copyrighted to Charles Hoffman under the title of "Think-a-Drink Hoffman" by the registrar of copyrights of United States of America under certificate numbered 9415.

It was further alleged that the defendant, Maurice Glazer, held himself out as a magician and performer and acted under the name of "Think-a-Drink Count Maurice" and "Have-a-Drink Count Maurice"; and that several acts and performances are imitations and violations of the rights of the plaintiff, resulting in an infringement, breach and violation of his rights and to the detriment and damage of the plaintiff.

The defendant by answer either admitted or denied the several material allegations of the bill of complaint and admitted that he was a magician and performer and acted under the name of "Have-a-Drink Count-Maurice" but not under the name of "Think-a-Drink Count Maurice"; he denied the allegation of infringement upon or breach of the rights of the plaintiff or that he attempted to deceive the public into thinking that his performance was similar to or like that of the plaintiff; that the performance of the act of mixing the drinks was a sleight of hand performance as old as legerdemain; that he at no time used the copyrighted address of the plaintiff or any of the materials used in his legerdemain per-

formance; that he never imitated the plaintiff but his performance was similar to that of the plaintiff; that the parties are magicians and each have specialized performances, and the parties to this suit are not the only magicians performing such special acts and neither party has a common right to said performance.

Testimony was taken before the chancellor and at the conclusion thereof the chancellor decreed the equities of the cause to be with the plaintiff and against the defendant and that the defendant had infringed and violated the exclusive rights, trade name, and work and performance of the plaintiff, and by an appropriate decree permanently enjoined and restrained the defendant below from using the name of "Think-a-Drink Count Maurice" and "Have-a-Drink Count Maurice"; An appeal therefrom has been perfected here.

Appellee's performance, as reflected by the record, is substantially viz: He opens his performance with an address, professionally known as "patter." The address appellee caused to be copyrighted. Subsequent to the "patter" appellee proceeds to produce various cocktails, coffee, sodas and other drinks from pitchers, shakers, etc., and delivers these several drinks to the members of his audiences. These drinks are taken from "seemingly" empty shakers and beakers. The mechanical equipment used and necessary for the sleight of hand performance given from time to time by the appellee is purchasable on the open market.

The appellant's act or performance consists of the use of similar mechanical equipment. He likewise attempts to deliver an address or professional "patter" prior to the act or performance. He is able by sleight of hand performance to supply approximately any drink requested by the different members of his audiences. He points out that the act or performance is nothing more than a "trick" or the common property of magicians.

The appellant points out that the performance of both parties in producing the requested drinks is only a sleight of hand performance; that it has been in existence for many years and is as common as pulling rabbits out of hats or snakes out of pockets. The magician usually wears a frock

coat, surrounds himself with attractive female assistants; assumes a serious, wise and important attitude, but on close analysis the mixed drink performance is the old sleight of hand trick. The parties are in dispute as to which can excel in the performance, and, although the appellee is shown to have collected as high as $2,000.00 per week, the same cannot be relied upon as a criterion of success in the performance of the trick. The appellee entertained and performed under the trade name of "Think-a-Drink Hoffman," while the appellant acted under the trade name of "Have-a-Drink-Count Maurice." There is evidence to sustain the holding that the appellant had employed the name of "Think-a-Drink-Count Maurice."

That part of the final decree holding that Charles Hoffman, also known as "Think-a-Drink Hoffman," was the exclusive owner of the copyright title and trade name *supra* as used by him, and the rightful and exclusive owner of the performance in which he produced some thirty-two different drinks from metal cocktail shakers "seemingly" empty and from beakers filled with water is challenged here as a matter of law, i.e. the facts adduced not being in dispute it is contended by the appellant the chancellor applied to these admitted facts an erroneous principle of law.

We find in the record copyright protection only to the address or professional "patter" of plaintiff below delivered prior to the act or performance but it fails to embrace or include his sleight of hand performance whereby the thirty odd drinks are produced from "seemingly" empty beakers. Plaintiff below represents that the stunt is a child of his brain, created by heavy investments of time and labor and therefore is an intellectual production protected by the common law. He cites and relies upon the principle of law enunciated in Waring v. WDAS Broadcasting Station, 327 Pa. St. 433, 194 Atl. 631; Waring v. Dunlea, 26 Fed. Supp. 338; Gardella v. Log Cabin Products Co., 89 Fed. (2nd) 891; Chaplin v. Amador, 93 Cal. App. 358, 269 Pac. 544; Fisher v. Star Co., 231 N. Y. 414, 132 N. E. 133, 19 A.L.R. 937, and annotations p. 949 *et seq.;* Ferris v. Froham, 223 U. S. 424, 56 L. Ed. 492, 32 S. Ct. 263; International News Service v.

Associated Press, 248 U. S. 215, 63 L. Ed. 211, 39 Sup. Ct. 68, 2 A.L.R. 293, and similar cases.

In the case of Serrana v. Jefferson, 33 Fed. 347, the Court held that a mechanical contrivance consisting of a real tank, into which real water was made to flow and running thence off underneath the stage, representing a bridge above, not being a link in the chain of incidents which, together with the speech and action of the performance, is not such a mechanical contrivance as entitled it to protection by copyright.

The case of Fuller v. Bemis involved an infringement complaint. The act consisted of a stage dance illustrating the poetry of motion by a series of graceful movements, combined with an attractive arrangement of drapery, light and shadows. While the idea may be "pleasing," said the Court, it is not such a dramatic composition as to bring it within the meaning of the copyright act. See Barnes v. Miner, 122 Fed. 480; Chappell & Co. v. Fields. We therefore conclude that the plaintiff below failed to bring his act or performance within the terms of the Federal copyright statutes.

It is true that an author at the common law has and owns a property right in his intellectual productions prior to publication or dedication to the public. See 18 C.J.S. par. 4, p. 139. Protection of these common law rights, after publication, is given under well defined conditions and circumstances, but the general rule is that an owner of literary or intellectual property terminates his private interest or common law rights by publication, which operates as a dedication and termination of his private rights. See 18 C.J.S. par. 13, pp. 150-1.

The record disclosed that Charles Hoffman, known as "Think-a-Drink-Hoffman," acted and performed his sleight of hand tricks or stunts before many audiences since 1935. He is not protected by the terms and provisions of the Federal copyright statutes. On this record the conclusion is irresistible that these several acts and performances are not only a publication but a dedication to the public of the trick. When the plaintiff below, Mr. Hoffman, was on the witness stand, counsel for the defendant below, on cross examination

propounded the question viz: "What I mean is, is this act performed by means of mechanical contrivance or equipment, or use of sleight of hand?" A. "I think if I told you that I would be telling my trade secret."

Encyclopedia Britannica, Vol. 6 (14th Ed.) pp. 260-264, classified sleight of hand performances as "conjuring." In the case of Cooper v. Livingston, 19 Fla. 684, we held that "conjuring" over a sick man to make him well is not such a consideration for a promissory note as may be sustained in a common law action. The asserted common law property right of the plaintiff below in and to the sleight of hand performance as described in the record appears to have been by him duly published and dedicated to the public by his several public acts and performances before the public, and thereafter immediately the trick or stunt became the property of the general public, and the defendant below had a lawful right to use the same, provided he did not infringe upon the trade name of the plaintiff below. The copyright privilege involved here, as well as the alleged common law property right, is not governed by the provisions of Sections 543.01 to 543.35, Fla. Stats. 1941.

Plaintiff below points out that he had used the trade name of "Think-a-Drink-Hoffman" for several years at a number of theatres in many States of the Union and as a result had obtained a high standing as a performer in the amusement world, thereby resulting in substantial remuneration; that the defendant below, under the trade name of "Think-a-Drink Count Maurice" or "Have-a-Drink Count Maurice" was attempting to perform the same act and his inferior imitations of the plaintiff were such that they were calculated to bring him and his business into disrepute and showing financial losses and irreparable injuries unless re-. strained by a court of equity. McGhan v. McGhan, 115 Fla. 414, 155 So. 653, and Table Supply Stores v. Home Supply Stores, Inc., 115 Fla. 188, 155 So. 317, are cited and relied upon.

In the case of Gottdiener v. Joe's Restaurant, Inc., 111 Fla. 741, 149 So. 646, we held that the right to use one's own personal name in a business is subject to established rules in

816

regard to unfair competition. The law requires a person to use his own name, not as a means of operating upon the good will and reputation of a rival by passing off his goods or business as the goods or business of his rival who gave the name its reputation and value. Likewise, a person is not permitted to use even his own name with fraudulent intentions of appropriating the good will of a business established and built up by another person of the same name. Losses in a financial manner cannot thusly be inflicted on a rival competitor. See Children's Bootery v. Sutker, 91 Fla. 60, 107 So. 345, 44 A.L.R. 698; El Modello Cigar Mfg. Co. v. Gato, 25 Fla. 886, 7 So. 23, 6 L.R.A. 823, 23 Am. St. Rep. 537.

It is reasonable to assume that the words "Think-a-Drink Count Maurice" may by the general public be recognized or considered the same as "Think-a-Drink-Hoffman" and therefore properly restrained by the terms of the final decree, while the use of the words "Have-a-Drink Count Maurice" would probably impose a contrary view or meaning to the general public.

We therefore conclude that the part of the final decree permanently restraining the defendant below from using (a) the copyrighted address delivered to his several audiences by plaintiff prior to his performance of his trick and referred to a professional "patter," and (b) the use of the trade name "Think-a-Drink-Count Maurice" should be and each are hereby affirmed, but reversed in all other respects for further proceedings in the lower court not inconsistent with this opinion. Affirmed in part and reversed in part.

It is so ordered.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.