TERRELL, Justice.
This appeal is from a final decree enjoining appellee as defendant, its officers, agents, and employees, from using the name “Richard” prominently in its advertisements or otherwise to acquaint the public with its goods, wares, or merchandise.
Appellant contends that “Richards” is the significant part of its trade-name, by the use of which it has built up a considerable 'business and much good will, and being so, the chancellor should have enjoined the use of any part or all of it. The final decree in other words should not have been limited to enjoining the use of the word “Richards.”
The Master found that plaintiff, appellant, was organized for business prior to June 1939, and since that time has continuously operated a department store under the name “Richard”; that defendant was organized for business in 1948 under the name of Richards Warehouse Sales and Auction Gallery, Inc., and has conducted its business under that name. Both corporations operate in Miami, Florida. The Master further found that there was not such similarity between the names of the two corporations as would warrant injunction, against defendant using its corporate name in identifying or advertising its business.
The Master found, however, that defendant had prominently displayed the word “Richards” in its advertisements so as to represent to the public that it was a part of or connected with the plaintiff organization ; that defendant’s continuous use of the word “Richards” deceives the public and leads it to believe that the two corporations, are the same and that such use has harmed the plaintiff and benefited the defendant. On the basis of this finding the chancellor permanently enjoined defendant from; prominently displaying the word “Rich--ards” in its advertisements.
We find ample support for the-chancellor’s decree, but we are of the view that it should have gone further and prohibited defendant from performing any act by newspaper, poster, radio, television or other means of advertising that would directly or indirectly represent to the public- or to any one that plaintiff and defendant. *503 were affiliated or connected in business in any manner or that either of them had any interest or connection whatever in the business of the other. Since defendant’s conduct precipitated this litigation, all costs should have been imposed on it.
It results that the judgment appealed from is modified and affirmed in part and reversed in part.
Affirmed in part, reversed in part.
HOBSON, C. J., and SEBRING and MATHEWS, JJ., concur.