DREW, Chief Justice.
The petition for certiorari seeks to have an amended final decree by the lower court set aside because it fails to conform with the governing principles announced by this court in the appeal of the case—Rimmeir v. Dickson, Fla.1955, 78 So.2d 732.
Confusion has arisen from the use of “trade name” and “trademark” without clearly designating the things to which the terms should apply. This court affirmed paragraph (a) of the original decree granting an injunction against, “ ‘using the word “ventilated” * * * in their trade name or in their trademark * * * ’ ”. Then, in reversing the damage section of the decree, which again used the terms “ ‘trade-name and trademark’ ”, this court made a statement which only referred to “trade name” infringement.
We do not need to distinguish between trademarks and trade names for the purposes of this petition; indeed, current scholarship uses the term “trademark” to include “trade name” in its sense of a nontechnical symbol designating goods from a common source. See Note, Developments In The Law — Trademarks And Unfair Competition, 68 Harv.L.Rev. 814, 824; .Handler and Picket, Trademarks And Trade Names — An Analysis And Synthesis, 30 Colum.L.Rev. 168, 169.
“While a trademark identifies only goods, a trade name may be the name for goods emanating from a particular source * * or it may be the name under which a particular person or association does business.” Restatement, Torts, Sec. 716, Comment A,
The Lanham Act, federal trade-mark law, defines the term “trademark” to include symbols designating goods, but restricts “trade name” to symbols designating firm names. 60 Stat. 427 (1946), 15 U.S.C. §§ 1051-1127 and § 1127. This must have been the basis for the trial judge’s understandable confusion.
In order to correct the misunderstanding which was fostered by our original opinion, we state that the decree below should be framed so that the injunction and the determination of damages take into account *83 both the symbols designating the firm and those designating the products of defendant.
Certiorari is granted, with directions to the chancellor to enter a decree consistent with the original mandate of this court as explained by the foregoing opinion.
THOMAS and THORNAL, JJ., and PATTERSON, Associate Justice, concur.