PER CURIAM.
By a suggestion for the writ of prohibition the relator seeks a rule of this court prohibiting the respondents from proceeding contrary to prior mandates of this court entered in a controversy wherein the respondents Dickson and Horrow are plaintiffs and the relator is the defendant, which cause is now pending again before the respondent circuit judge for a determination of the question of damages, if any, *356 to which the respondents are entitled. The suggestion for the writ will he treated and considered as a petition to this court to exercise its inherent power to issue any-writ necessary or proper to the complete exercise of our jurisdiction. See § 4, Article V, of the Florida Constitution, F. S.A. Upon notice given the parties appeared by and through counsel and oral argument was heard by the court.
The previous opinions of this court upon which our mandates were based are as follows: Rimmeir v. Dickson, Fla.1955, 78 So.2d 732; Dickson v. Rimmeir, Fla. 1957, 93 So.2d 82; and Rimmeir v. Dickson, Fla.1957, 98 So.2d 787. By these decisions it was established as the law of this case that the rule of damages contended for by the respondents Dickson and Horrow, which was incorporated in the decree first entered by the respondent judge in the instant case, is not applicable here. Under the principle of stare decisis and the opinion of this court in Florida Ventilated Awning Co. v. Dickson, Fla.1953, 67 So.2d 215, we specifically rejected this rule as applied to the facts of the instant case and held that the burden was upon the plaintiffs “to make a ‘definite showing of specific damages’, if they can, resulting from the infringement of plaintiffs’ trade name by defendants.” Rimmeir v. Dickson, supra, 78 So.2d 732, 735.
Despite our pronouncement, the record shows that the respondent judge has adhered to his former view that the rule of damages contended for by the respondents Dickson and Horrow is applicable and that he will proceed to determine the question of damages in accordance therewith unless inhibited by this court. Any attempt by the respondent judge to do so would be a clear violation of the mandate of this court and a trespass on its jurisdiction.
Accordingly, the respondent judge is ordered and directed to eschew the rule of damages and the procedure thereunder held inapplicable by this court in its former opinion and, in accordance with our previous decision, to award to the respondents Dickson and Horrow only such damages as are specifically proved by them and to which they are entitled under applicable principles of law, as heretofore announced in this cause.
It is so ordered.
TERRELL, C. J., and THOMAS, HOB-SON and ROBERTS, JJ., concur.
DREW, J., dissents.