DREW, Justice
(specially concurring).
I concur in the conclusion that the money award to plaintiff should not be sustained upon the record before us, and that the claim for damages be dismissed. In spite of what appear to me to be errors in earlier appearances of this protracted litigation here, I am further of the opinion that the plaintiff in this cause has not been prejudiced and, because of the limited protection accorded descriptive terms under the doctrine of secondary meaning relied on in this cause,[1] and the cardinal rule permitting wide discretion in the equitable remedies hereinafter discussed,[2] should not be entitled to more than the injunctive relief already granted.
Nevertheless, the views stated in the majority opinion as to the speculative character of evidence relied upon to show damages serve admirably to illustrate the virtual impossibility of proving damages in a sum certain in such cases as this, and to point up what appears to me to be an error of this Court on the question when we held, in effect, that no recovery is authorized in the case of tradename infringement unless plaintiff can make a “definite showing of specific damages.”[3] A discussion of the matter seems to me to be in order under our decisions that errors in the “law of the case” need not be perpetuated so long as the litigation remains alive.[4]
The rule contended for by plaintiff, ap-pellee here, that for infringement of a trademark the plaintiff is required to prove defendant’s sales only and the burden is on the defendant to prove all elements of *376 cost or deduction claimed, was noted in the first opinion in this cause hut dismissed with the statement that “this shifting of the burden of proof appears to be based on the express provisions of the federal act.” [5] With reflective study, this does not appear to be the case.
For precisely the reason that proof of damages so often presents insurmountable difficulties even in the clearest instances of trade piracy, there evolved the equitable rule requiring an accounting of profits by one who has infringed upon another’s trademark or trade name.[6] Although some of the better statements of the doctrine are contained in cases decided under the federal acts on the subject,[7] the rule cannot, on either principle or authority, be confined to violation of registered trademarks under statutory regulation.[8] It received early recognition in this jurisdiction,[9] and although this Court has subsequently denied or approved a denial of recovery by a plaintiff for lack of sufficient predicate even in cases where there appeared to have been a showing of profit by the party engaged in unfair trade practice, in no instance has there been any specific renunciation of the rule.
The various ramifications of the doctrine are fully treated in the Restatement of the Law of Torts, A.L.I., Section 747 et seq.[10] This and other authorities collating cases on the point clearly indicate that the better and generally prevailing rule permits recovery, under certain circumstances, of both damages and profits in addition to in-junctive relief against one who has engaged in unfair trade practices designed to create a confusion of source of products sold, at least where there is involved an infringement of a trade name or trademark to which another has the prior right of exclusive use,, even in the absence of statutory regulat *377 ion.[11] It is said that the defendant should, if possible, he held accountable only for profits earned by the tortious conduct, and the burden is initially on the plaintiff to show a causal connection between the infringement and the profits sought to be recovered. But the burden is shifted to defendant “when the defendant has kept his accounts in such a way that the plaintiff cannot make the segregation,” and, similarly, the defendant must rebut the inference arising from evidence of sale of goods bearing designations which infringe a trade name or trademark.[12] In any event, it is uniformly agreed that when plaintiff proves the infringement and sales in which the tortious conduct was a substantial factor, then defendant must show deductions to arrive at net profit.[13]
The practical necessity for these principles is obvious, unless and until the problems of proof of damages in this field are generally recognized and otherwise solved.[14]
One line of early authority drew a distinction between patent infringement and other unfair trade practices, holding that recovery of all profits could be permitted only in the first situation on the theory that the wrongdoer had no right to market the particular product, while there could be no presumption that profits in a case of trademark infringement were attributable to the trademark rather than the inherent value of the commodity. But the leading case relied on in the Gato decision [15] fully treated this point[16] The fact that inferences or presumptions may enable a plaintiff to recover profits which are attributable only in part to unfair practices is disposed of on the following analogy:
“It is the same principle which is applicable to a confusion of goods. If one wrongfully mixes his own goods with those of another, so that they cannot be distinguished and separated, he shall lose the whole, for the reason that the fault is his; and it is but just that he should suffer .the loss rather than an innocent party, who in no degree contributed to the wrong. I think, therefore, there was no error in awarding to the plaintiff the whole profit made by the defendant. This view of the law appears to be supported by the following authorities: Coats v. Holbrook, (2 Sandf.Ch. [586], 611); Upton on Trade-Marks (245); Spottswood v. Clark, (2 Sandf.Ch. [628], 629).
“But if there were no authorities on the point, every consideration of reason, justice and sound policy, demands that one who fraudulently uses the trade-mark of another should not be allowed to shield himself from liability for the profit he has made by the use of the trade-mark, on the plea that it is impossible to determine how much of the profit is due to the trade-mark, and how much to the intrinsic value of the commodity. The fact that it is impossible to apportion the profit, renders it just that he should lose the whole.” [17]
I would, accordingly, recede from so much of the opinion in 78 So.2d 732 as *378 would exclude an accounting of profits as a basis for recovery in trademark infringement cases generally, or would relieve the defendant in such cases of the burden of rebutting the inferences aiding a prevailing plaintiff.

. 52 Am.Jur. 604; Annotation 150 A.L.R. 1125.

. There is an obvious distinction between usurpation of an arbitrary term or name, such as “Carnation,” which has value in ■connection with a particular product solely because it has been adopted by another .and endowed with value by his usage, and, on the other hand, the use or misuse of a term as “evaporated,” or, in the case at bar, “ventilated,” which term may be the best or only means of describing a physical characteristic which all manufacturers of such products are at liberty to utilize. And there is ample precedent for relating the scope of relief to the conduct involved in such a proceeding so as to enjoin certain acts in the future but deny recovery for past ■offenses on the theory that the evidence of damage is speculative and the loss or gain related to the wrongful acts is not of sufficiently significant proportions to warrant the equitable remedy of aceount-ing for past profits. Champion Spark Plug Co. v. Sanders, 331 U.S. 125, 67 S.Ct. 1136, 91 L.Ed. 1386. See also International Committee Y. W. C. A. v. Y. W. C. A. of Chicago, 194 Ill. 194, 62 N.E. 551, 56 L.R.A. 888.

. Rimmeir v. Dickson, Ela., 78 So.2d 732, 735; State ex rel. Rimmeir v. Milledge, 104 So.2d 355.

. Beverly Beach Properties v. Nelson, Ela., 68 So.2d 604, 607, 41 A.L.R.2d 1071; Wallace v. Luxmoore, 156 Ela. 725, 24 So.2d 302. In the latter case the Court said:
“This is the same suit and we have not lost jurisdiction thereof. Consequently, we have the power to correct any error which the Chancellor or we may have heretofore made in the progress of this litigation. There is no question of res adjudicata because this is the same, not a new and different, suit.”

. 78 So.2d 732, 734.

. 52 Am.Jur., Trademarks, Tradenames, Sec. 145, 147.

. Mishawaka Rubber & Woolen Mfg. Co. v. S. S. Kresge Co., 316 U.S. 203, 62 S. Ct. 1022, 86 L.Ed. 1381.

. See Sentco, Inc., v. McCulloch, Fla., 68 So.2d 577; Median v. Median, 115 Fla. 414, 155 So. 653. Also Dickson v. Rimmeir, Fla., 93 So.2d 82.

. El Modello Cigar Mfg. Co. v. Gato, 25 Fla. 886, 7 So. 23, 6 L.R.A. 823.

. “§ 747. Profits.
“One who is liable to another under the rules stated in §§ 711-743 is liable for the net profits earned by him on profitable transactions by means of the conduct which subjects him to liability, if, but only if,
“(a) he engaged in Ms conduct with the purpose of securing the benefit of the reputation in the market of the other, or his goods, services, business, trademark or trade name or the physical appearance of his goods, and “(b) the profits result from the marketing of goods or services “(i) of a kind which compete with those marketed by the other, and
“(ii) in markets in wMcb the other’s: goods or services are available for purchase or in which the actor attempts to. forestall their sale, and
“(c) the other does not recover damages for loss of the sales with reference to which he seeks to recover the profits made by the actor (see § 746[a]).”
One of the pertinent comments reads as follows:
“It is not necessary that the tortious: conduct be the sole cause of the sales resulting in profit. Some sales may be-caused partly by that conduct and partly by other factors, such as the intrinsic merit of the goods or the convenience of purchasers. But if the tortious conduct is a substantial factor in producing the sales, the defendant is liable for resulting profits without diminution for the other contributing factors. If the defendant sold goods bearing a designation infringing the plaintiff’s trade-mark or trade name, the inference may ordinarily be drawn that the infringement caused the sales. But the inference may be rebutted, as, for example, by a showing that the purchasers were fully aware of all the facts as to the source of the goods. The defendant, however, has the burden of rebutting the inference.” Comment c.

. “Some courts hold that in unfair competition cases the law requires proof of actual loss of sales, while in trademark infringement cases presumption of such loss is inferred from proof of use of the mark and evidence of sales. The distinction is unwarranted.” Oallman, Unfair Competition and Trademarks, 2d Ed., Vol. 4, p. 1890, citing Looz, Inc., v. Ormont, D.C.S.D.Cal.1953, 114 E.Supp. 211.

. Sec. 747. R.T., note 10, supra.

. Callman, note 11, supra, p. 1896.

. See W. R. Lynn Shoe Oo. v. Auburn-Lynn Shoe Co., 103 Me. 334, 69 A. 569; Nims, Unfair Competition and Trademarks, 4th ed., Ch. XXV.

. Note 9, supra.

. Graham v. Plate, 40 Cal. 593, 598.

. Ibid, 40 Cal. at page 599.