### ZIMMERMAN v. LUNINE.

No. 62-C-2230.

Circuit Court, Dade County.

July 19, 1963.

Sheldon Dubler, Miami Beach, for plaintiff.

Hudson, McNutt, Campbell & Isom, Miami, for defendant.

RALPH O. CULLEN, Circuit Judge.

Plaintiff seeks to enjoin defendant from the use in his business of the name "Bob Lunine," and from the use of any business or trade name incorporating the name Lunine or Lunine's in Miami Beach.

For many years a corporation, Lunine, Inc., operated a men's furnishing store in Miami Beach. The principal stockholder of this corporation was Irving Lunine. His brother, Bob Lunine, the defendant, was an employee in the store, but was not a stockholder, officer, or director of the corporation.

On or about April 9, 1959, the plaintiff purchased the business from the corporation and has continued to operate the store under the name "Lunine's."

About a year after the sale, Bob Lunine opened a men's furnishing store on Miami Beach under the name "Babson's," and after about a year's operation under this name, changed the name of the business to his own name, "Bob Lunine", under which name he presently operates.

Plaintiff has received inquiries as to whether the shop operated as "Bob Lunine" was a branch of his store, and various persons from time to time have returned to him shirts and merchandise purchased from Bob Lunine. All of Bob Lunine's shirts bore his label with his name and address thereon. Plaintiff also had some difficulty with mail and bills being missent to him when intended for Bob Lunine.

It is noted that defendant did not use or appropriate a business or trade name, but his own name in his business, and no contractual obligations are involved here. The record fails to show that defendant practiced any deception or fraud or resorted to artifice in the conduct of his business. The Supreme Court has held that this is the test. McGhan v. McGhan, 115 Fla. 414, 155 So. 653. See also annotations in 47 A.L.R. 1189, and 44 A.L.R. 2d 1156. There was confusion by reason of the similarity of names, but this is insufficient ground for equitable intervention.

The premises considered, it is therefore ordered, adjudged and decreed that the plaintiff's complaint, be and the same is hereby dismissed with prejudice, and at the cost of the plaintiff.