## DIANA STORES CORPORATION v. MILLER'S BOOTERY, Inc.
### No. 21186.

Circuit Court, Leon County.

January 23 and February 9, 1967.

Harry Lewis Michaels of Ausley, Ausley, McMullen, O'Bryan, Michaels & McGehee, Tallahassee, for plaintiff.

J. Ben Watkins of Truett & Watkins, Tallahassee, for defendant.

GUYTE P. McCORD, Jr., Circuit Judge.

*Final decree, January 23, 1967:* This is a suit for declaratory decree brought by plaintiff, Diana Stores Corporation, against defendant, Miller's Bootery, Inc., seeking a determination of the rights, privileges and liabilities of the respective parties in relation to the proposed use by plaintiff of the name "Miller's Discount Store" or "Miller's Family Discount Store" for its new retail store now under construction on the Apalachee Parkway in Tallahassee, Florida. Defendant by its answer seeks an injunction to have plaintiff enjoined from using or doing business under the name "Miller's" or words so similar thereto as to be likely to confuse the public. From the evidence adduced in the cause, the court finds as follows —

1. Plaintiff is a corporation organized and existing under the laws of the state of New York and is authorized to do business in the state of Florida. Prior to 1940, a corporation known as Ralph Miller Stores, Inc., operated a chain of retail outlets throughout several states in the United States. In 1940, a corporation known as Ralph H. Miller, Inc. was organized and assumed control over the outlets operated by Ralph Miller Stores, Inc. In 1959 plaintiff, Diana Stores Corporation, purchased all of the issued and outstanding stock of Ralph H. Miller, Inc., and plaintiff now operates retail merchandising outlets in several states, particularly in the southeastern portion of the United States and the state of Florida. The stores utilize and have utilized for many years the name "Miller's", either standing alone or with additional words added — the first and prominent word in each instance being "Miller's". Said stores are located

in Dayton, Ohio (three stores); Fort Wayne, Indiana; Erie, Pennsylvania; Norfolk, Virginia; Virginia Beach, Virginia; Athens, Georgia; Charleston, South Carolina; Huntsville, Alabama; Birmingham, Alabama (three stores); Jackson, Mississippi (two stores); Orlando, Florida (two stores) and Fort Myers, Florida. These stores range from 40,000 to 100,000 square feet of physical floor area.

2. Plaintiff has under construction a new store in the city of Tallahassee which will be a discount department store of the same type as its stores in the other locations above mentioned. The store building will have a minimum of 80,000 square feet and will cost not less than $600,000. It will sell a complete and wide variety of goods and merchandise customarily associated with a large discount department store type operation, including shoes and wearing apparel for the entire family, home furnishings and appliances, sporting goods, watches and jewelry, hardware and paints. None of the products will have a trade mark designation of "Miller's".

3. Subsequent to an announcement of the proposed construction of the building which appeared in the Tallahassee Democrat newspaper, defendant advised plaintiff that it would resist any use by plaintiff of the name "Miller's" in any form on any sign, advertising or stationery. Thereafter, plaintiff advised defendant that it planned to use in Tallahassee the name "Miller's Discount Store" or "Miller's Family Discount Store" with all words in the name displayed with equal prominence. Defendant then advised plaintiff that defendant would institute legal action against plaintiff when the word "Miller's" was used in any form. Thus plaintiff filed this suit to obtain a determination of its right to use the word "Miller's" as above set forth. From the evidence it also appears that plaintiff proposes to erect a sign at the entrance to its parking area entitled — "Miller's Discount Center".

4. Defendant has been operating under the name of "Miller's Bootery" and "Miller's" in Tallahassee since 1938. Its president has been in the shoe business and related lines in Tallahassee since 1924. Defendant's store is a prestige specialty store selling principally ladies' sportswear, shoes, costume jewelry, cosmetics and other accessories. The store derives its name from the surname of the owners and is well known in the trade area as a locally owned store. It is situated in the heart of downtown Tallahassee at the corner of Monroe Street and College Avenue in an attractive one-story building with only the word "Millers" in large letters spread across the entire front. In its advertising

and on its stationery and bills the word "Miller's" is always the prominent word, with the word "Bootery" sometimes appearing in much smaller lettering. It has spent large sums of money in the publication of its name and in establishing itself as a prestige, high quality store.

5. Plaintiff's discount department store will sell ladies' sportswear, shoes, custume jewelry and cosmetics as does defendant's store, but in addition it will sell a wide variety of other articles as heretofore related. The price ranges of the items sold in the two stores will differ, however, in that in most instances the classes of items in plaintiff's store will range from the lowest up to the medium price range while the items sold by defendant begin at or above plaintiff's prices and go upward into considerably higher price ranges. Defendant's service is primarily individual service extended to the customers while plaintiff's will be more of a selfservice operation.

6. The fact that the possessive word "Miller's" is the prominent word and the only word denoting ownership in the store names of plaintiff and defendant has already caused considerable confusion in the mind of the public, the general reaction being that the ownership of the present "Miller's" store in Tallahassee and the new "Miller's" store is the same; that the present "Miller's" store is opening a new large discount department store in Tallahassee. (The same confusion existed a few years ago when another store having a Miller name operated in Tallahassee.) Not only has this caused confusion in the public mind and in mail deliveries, which is a problem in itself, but such confusion will cause injury to the prestige type business which defendant has built up over the years. The testimony reflects without contradiction that it would be bad business practice for a prestige quality store to itself open a discount type store in the same town; that the prestige store would suffer injury through having its name associated in the public mind with a discount type store. The injury here does not come about through any design on the part of plaintiff, but the injurious result to defendant is the same whether or not it is by design.

7. Even though defendant will sustain injury as aforesaid, it would be unreasonable to prohibit plaintiff from using its Miller name which it uses in its store operations over the country. It should not be cut off from maintaining the identity of its Tallahassee store with its other stores. Therefore, a court of equity should find a way, if possible, to allow plaintiff to use its name but to disassociate it from a connotation of identical ownership

with defendant's store. This can be done by requiring plaintiff, in using the name "Miller's Discount Store" or "Miller's Family Discount Store" or "Miller's Discount Center", to give equal prominence to all of the words of the name in all uses of the name, and in addition to add, in smaller lettering but large enough to be seen, the words "A Division of Diana Stores of New York" or "A Division of Diana of New York".

8. In final arguments, defendant urged the court, if it did not see fit to enjoin the use of the name "Miller's" by plaintiff, to at least require equal prominence to all words of the name (which plaintiff has agreed to do) and further to require the addition of the following words for the purpose of designating ownership — "a wholly owned subsidiary of Diana Stores Corporation, a New York corporation." The court, however, finds such phrase to be so lengthy and cumbersome as to be unreasonable. The shorter phrase mentioned above, "A Division of Diana of New York", would accomplish the same purpose and in the court's opinion would be short enough to be workable. It would disassociate the new store from local ownership.

9. The court considers the ruling here made to be compatible with the following authorities which did not prohibit total use of a name in similar situations but required changes in the name or the method of use of the name to relieve from injury — Gottdiener v. Joe's Restaurant, Inc., 111 Fla. 741, 149 So. 646; and McGhan v. McGhan, 115 Fla. 414, 155 So. 653.

In consideration thereof, it is ordered, adjudged and decreed that plaintiff be and it is hereby enjoined from using the name "Miller's" in any connection with its Tallahassee store unless it does so in the manner prescribed in finding no. 7 above. It is further ordered that defendant's renewal of its motion to dismiss the complaint filed on January 16, 1967, be and it is hereby denied.

*Order, February 9, 1967:* This cause came on for hearing on motion of the plaintiff to alter or amend and clarify final decree or, in the alternative, for rehearing.

Upon consideration of the motion and the arguments of counsel, the court finds the final decree should be clarified and made more specific as to the term "equal prominence" with respect to the words to be utilized on signs to be placed on plaintiff's building. The court in using such term means that said words must all be substantially the same size, though not necessarily identical in size. Any difference in size should be slight.

In consideration thereof, it is ordered, adjudged and decreed that plaintiff's aforesaid motion be and it is hereby denied except for the clarification above stated.