BARKDULL, Judge.
The appellant brought an action, pursuant to Ch. 495, Fla.Stat., F.S.A., seeking injunctive relief and damages against the appellees, alleging infringement by the defendants of the plaintiff’s exclusive right to use a service mark in connection with plaintiff’s business, a portion of which was being used by the defendants in connection with their business, to wit: “Abner’s”. The defendants answered and counterclaimed for injunctive and other relief against the plaintiff, asserting that the defendants possessed the exclusive right by common law usage to the use of that part of the service mark of the plaintiff, represented by the’ word “Abner’s”, in connection with its restaurant business.
By stipulation, the case was heard solely on the issue of liability. The damage issue was deferred for trial at a later date. The trial court, sitting without a jury, dismissed both the plaintiff’s complaint and the defendants’ counterclaim and found that neither the plaintiff nor the defendants had the exclusive right to use the part of the plaintiff’s service mark [the word “Abner’s”] in connection with their businesses, even though the registration of its service mark by the plaintiff [of which the word “Abner’s” was a part] was probably proper and valid under Ch. 495, Fla.Stat. (1967), F.S.A. The trial court ordered each party to bear its own costs, except that each pay one-half of the court costs for the final hearing.
The appellant-plaintiff has appealed and assigned error in the trial court’s failure to find that it had the exclusive right to use the name “Abner’s”, and also that the trial court erred in its order on costs. The appellees have cross-assigned error in the trial court’s failure to award them the exclusive right to the use of the name “Abner’s”.
We find that the trial court was correct in determining that none of the parties had acquired the exclusive right to use the name “Abner’s” through common usage, in order to secure a secondary meaning to the name.[1] However, it appears that the result of this case should be controlled by the provisions of Ch. 495, Fla.Stat., F.S.A., enacted by the 1967 Legislature. This statute became effective on October 1, 1967 and, as of this date, no reported cases have been found interpreting the statute. The statute does not prohibit a common law acquiring of the right to the exclusive use of a service mark or trade name, but provides an additional method to acquire the exclusive use of same by compliance, with the provisions of the statute [§ 495.161, Fla.Stat., F.S.A.]. There is no dispute that on October 4, 1967, the plaintiff was issued a certificate pursuant to the statute which permitted it to use the word “Abner’s” within a design it had submitted. This mark was issued under a classification which permitted advertising in connection with franchising and the operation of restaurants.
The original certificate of service mark issued to the plaintiff was tendered into evidence and, under the statute, presented a prima facie case that the plaintiff’s certificate was genuine and properly issued. The requirements of the statute had been met; the plaintiff was the owner of the service mark; and the plaintiff had the exclusive right to use said service mark in connection with its business in the State of Florida.[2] It was the defendants’ burden *686 to go forward with evidence to show the invalidity of the plaintiff’s registration or facts showing plaintiff’s lack of ownership in the mark.
The owner of a properly registered service mark under the statute may protect the right to exclusively use his service mark and “ * * * proceed by suit to enjoin the manufacture, use, display or sale of any counterfeits or imitations * * * ” of that service mark, and the statute grants power to the courts of this State to grant injunctions so as to restrain such use or display of the service mark as the court deems just and reasonable. § 495.141(1), Fla.Stat. (1967), F.S.A.
§ 495.131(1), Fla.Stat., F.S.A., provides that this right to injunctive relief accrues to the owner of a properly registered service mark against any person who shall:
“Use, without the consent of the registrant, any reproduction, counterfeit, copy or colorable imitation of a mark registered under this chapter on any goods or in connection with the sale, offering for sale, distribution or advertising of any goods or services on or in connection with which such use is likely to cause confusion or mistake or to deceive as to the source or origin of such goods or services; * * * ”
There is no dispute that the plaintiff has never given the defendants permission to use all or any part of its registered service mark. The defendants admitted that they are using and will continue to use said part of the plaintiff’s service mark in connection with the sale, the offering for sale, the distribution for sale, and the advertising of their services in the State of Florida, and stipulated that confusion would exist by both parties using the name “Abner’s”. The trial court having found that the plaintiff is the owner of a registered service mark under the State, the plaintiff was therefore entitled to injunctive relief against the defendants in protecting its service mark.
In the cases preceding the enactment of the statute,[3] the rule of the common law in Florida was that the owner of a service mark may enjoin unauthorized use of a part of his service mark if such unauthorized use would result in confusion or deception as to the source or origin of the goods or services. And, as has been pointed out earlier, since the right to exclusive use acquired under the statute is the same as that acquired under the common law [with only the mode of acquisition differing], the owner of a service mark under the statute has the right to enjoin use of a part of that service mark if such use would result in confusion as to the origin of the goods or services.
The proper registration by the plaintiff of his service mark, a part of which is the name “Abner’s”, secured to the plaintiff the exclusive right to use the service mark in connection with his business. And, the defendants have stipulated that their use of the word “Abner’s” would be likely to result in confusion.
Therefore, the trial court erred in denying the injunction against the defendants restraining their use of the word “Abner’s” in connection with the defendants’ business. Gottdiener v. Joe’s Restaurant, Inc., 111 Fla. 741, 149 So. 646; Surf Club v. Tatem Surf Club, Inc., 151 Fla. 406, 10 So.2d 554; Glazer v. Hoffman, 153 Fla. 809, 16 So.2d 53; Quality Courts United v. Jones, Fla.1952, 59 So.2d 20; Richard Store Co. v. Richard’s Warehouse Sales & Auction Gallery, Inc., Fla.1953, 63 So.2d 502.
As indicated above, except for the provisions of Ch. 495, Fla.Stat., F.S.A., enacted by the 1967 Legislature, we would approve the decree of the trial court except, possibly, upon different reasoning. City of Miami Beach v. 8701 Collins Ave., *687 Inc., Fla.1954, 77 So.2d 428; Crudele v. Cook, Fla.App.1963, 165 So.2d 424; Storz Broadcasting Co. v. Courtney, Fla.App.1965, 178 So.2d 40. However, we feel that the appellant acquired the exclusive right to the use of the service mark by compliance with the statute and, therefore, we reverse the final order of dismissal here under review and return the matter to the trial court for further proceedings not inconsistent herewith.
Reversed and remanded with directions.

. It is possible for a proper name to secure a secondary, meaning and, therefore, be protected from infringement by a subsequent user. In this connection, see: El Modello Cigar Manufacturing Company v. Gato, 25 Fla. 886, 7 So. 23, 6 L.R.A. 823; James v. Dr. P. Phillips Co., 115 Fla. 472, 473, 155 So. 661; May v. May, Fla.1950, 45 So.2d 494.

. The question of what would be the result if a common law right of user was held by non-registrant prior to registration is not involved in this case, and this opinion is not to be construed as passing on this question.

. El Modello Cigar Manufacturing Company v. Gato, supra; James v. Dr. P. Phillips Co., supra; May v. May, supra.