932 So.2d 491 (2006)
ED KALIS MEMORIAL SERVICES, LLC, and Ed Kalis, Appellants,
v.
McINTEE HOLDINGS, LLC, d/b/a Kalis Funeral Homes, Appellee.
No. 4D05-3909.
District Court of Appeal of Florida, Fourth District.
June 14, 2006.
Ted P. Galatis, Jr., Fort Lauderdale, for appellants.
Hinda Klein and Carlos D. Cabrera of Conroy, Simberg, Ganon, Krevans, Abel, Lurvey, Morrow & Schefer, P.A., Hollywood, for appellee.
POLEN, J.
Appellant, Ed Kalis, Jr., appeals a nonfinal order modifying a temporary injunction in favor of Appellee, McIntee Holdings, LLC ("McIntee"). The order denied Kalis the right to use his name identifying himself as the licensed funeral home director of Edwards Memorial Services in advertising, except in limited situations. We do not consider the temporary injunction in this appeal, only the order modifying the temporary injunction. We find that portions of the order modifying the temporary injunction are overly broad, and reverse and remand to the trial court with instructions to enter a modified order consistent with this opinion.
The Kalis family originally opened the Kalis Funeral Home ("Home") in 1959. In 1994, Ed Kalis, Sr., sold the business and signed a ten-year non-compete agreement. Both Kalis, Sr., and his son, Ed Kalis, Jr., continued to work at the funeral home. In 2003, the initial purchaser of the Home sold the business to McIntee. In 2004, upon the expiration of the non-compete agreement, Kalis stopped *492 working at the Home. Soon after, Kalis began operating a business by the name of Ed Kalis Memorial Services ("Memorial") as a funeral, burial, cremation and mortuarial business. The Memorial was located approximately 100 yards from the Home, in a single family home that had been in the Kalis family since 1965. McIntee filed a complaint against Kalis and was granted a temporary injunction against Kalis. Kalis then changed the name of the Memorial to Edwards Cremation & Funeral Services, but further issues ensued, leading to a request for clarification of the temporary injunction. The order modifying the temporary injunction stated, in pertinent part:
The Defendant, ED KALIS, may use his name and photograph when identifying himself as the Licensed Funeral Director on the website for Edwards Cremation & Funeral Services. The Uniform Resource Locator (URL) for the website may not contain the name "Kalis" in the URL.
The Defendant, ED KALIS, may not place his name identifying himself as Licensed Funeral Director on any other signage for Edwards Cremation & Funeral Services in Broward County, Florida.
The Defendant, ED KALIS, may not use his name identifying himself as the Licensed Funeral Director for Edwards Cremation & Funeral Services on any advertising, including, but not limited to, the Bellsouth Yellow Pages, or any other advertising and/or promotional materials to be circulated in Broward County, Florida, except as provided above.
"This court reviews temporary injunctions for abuse of discretion." Colucci v. Kar Kare Auto. Group, Inc., 918 So.2d 431, 435 (Fla. 4th DCA 2006). "[T]he right to use a personal name in a business even one's own, is subject to the general rules in regard to unfair competition ... While the use of one's own name cannot be absolutely enjoined, nevertheless the manner of using it may be regulated by injunction." Gottdiener v. Joe's Rest., 111 Fla. 741, 149 So. 646, 647 (1933).
We find that the trial court's restrictions on Kalis's right to use his name in identifying himself as the licensed funeral director of the Memorial, whether in advertising or signage, are overly broad, and therefore, an abuse of discretion. See Anastasi Masonry Corp. v. Anastasi Bros. Corp., 541 So.2d 175 (Fla. 4th DCA 1989). However, we would agree with a holding that Kalis's name should not be the predominant feature of the signage or in the advertisement. We also find that the trial court abused its discretion in determining that Kalis could not use his name in the URL for his website. We find that the use of Kalis's name in identifying himself as the licensed funeral director of the Memorial, whether on signage, in advertising, or on the internet, is not likely to cause confusion in the mind of the public, or to work a fraud on the Home by diverting business to the Memorial. See McGhan v. McGhan, 115 Fla. 414, 155 So. 653 (1934).
We reverse the portions of the order modifying the temporary injunction detailed above, and remand to the trial court with instructions to enter a modified order in accordance with this opinion.
STONE and FARMER, JJ., concur.